LAWRENCE G. BROWN
Acting United States Attorney
WILLIAM S. WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2790

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. S-06-468 EJG |
| Plaintiff, | ) |
| v. | ) SUMMARY ORDER |
| SHAKARA THOMAS CARTER, | ) |
| Defendant. | ) |

   This case came before the court on February 6, 2009, for hearing on defendant Carter's Motion to Dismiss the Indictment on the grounds that the federal indictment against him violates his right to equal protection of the law under the Due Process Clause of the Fifth Amendment of the United States Constitution.  Defendant Carter appeared with his counsel, Michael Chastaine; and William S. Wong, Assistant U.S. Attorney, appeared on behalf of plaintiff United States of America.

   After considering the written briefs filed by all parties, and after the parties had been given the opportunity to orally argue the motion, the Court denied defendant Carter's Motion to Dismiss the Indictment and made the following findings of fact and conclusions

of law:

1.  The Court found that the crimes charged in the Indictment against the defendant are prosecutable in both state and federal court.

2.  The Court found that the federal government has broad discretion as to whom to prosecute so long as the prosecutor has probable cause to believe that the defendant has committed the offenses defined by federal statute and that the decision whether or not to prosecute and which charge to file generally rests entirely in the prosecutor's discretion.  Citing <u>United States v. Goodwin</u>, 457 U.S. 368 (1982); <u>Bordenkircher v. Hayes</u>, 434 U.S. 357 (1978); <u>Wayte v. United States</u>, 470 U.S. 598 (1985).  In this regard, the Court further found that while a prosecutor's discretion is broad, it is limited by constitutional constraints in that the decision to prosecute may not be deliberately based on an unjustifiable standard, such as, race, religion, or other arbitrary classification.  Citing <u>Goodwin</u>, <u>Bordenkircher</u>, and <u>Wayte</u>.

3.  The Court found that defendant Carter failed to set forth facts supporting a finding that prosecutorial discretion in this case was deliberately based on an unjustifiable standard, nor has the defendant offer any evidence that the Indictment is based on vindictive prosecution.

4.  The Court found that the defendant's argument, that under the circumstances of this case the <u>U.S. Attorney's Manual</u> supports state prosecution rather than federal prosecution, has been foreclosed by <u>United States v. Welch</u>, 572 F.2d 1359 (9th Cir. 1978), which held that the under the doctrine of separation of powers, a federal court has no authority to determine whether a federal

prosecution violates the policy of the United States Attorney General.

    5.   The Court found that the government has adequately asserted a strong interest in prosecuting individuals such as defendant Carter who has an extensive serious felony record, including prior multiple convictions for drug trafficking.

After denying the defendant's motion to dismiss the Indictment, the Court set a status hearing for March 6, 2009, at 10:00 a.m. Lastly, at the request of the parties, the Court excluded time pursuant to Local Code T-4 to allow the parties time to conclude plea negotiations and/or consider a trial date.

**ORDER**

**IT IS SO ORDERED,**

DATED: February 12, 2009        /s/ Edward J. Garcia
                                            HONORABLE EDWARD J. GARCIA
                                            United States District Judge