UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>SHAKARA THOMAS CARTER,<br><br>　　　　　Defendant/Movant. | No. 2:06-cr-0468 WBS DB 1<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2009 convictions for possession of cocaine base with intent to distribute and possession of a firearm and his 322-month sentence. He raises two claims: (1) his prior convictions do not qualify him for career offender status under Mathis v. United States, 136 S. Ct. 2243 (2016); and (2) his sentence on Count Two of the indictment should be reduced pursuant to Dean v. United States, 137 S. Ct. 1170 (2017). For the reasons set forth below, this court recommends the motion be dismissed as untimely.

## BACKGROUND

On November 16, 2006, a grand jury returned a three-count indictment charging movant with: possession of cocaine base with intent to distribute (in violation of 21 U.S.C. § 841(a)(1)); using a firearm in relation to a drug-trafficking offense (in violation of 18 U.S.C. § 924(c)(1));

////

and possessing a firearm after a felony conviction (in violation of 18 U.S.C. § 922(g)(1)). (ECF No. 3.)

On April 24, 2009, movant pleaded guilty to both counts of a two-count information charging him with: possession of cocaine base (five grams or more) with intent to distribute (Count One, in violation of 21 U.S.C. § 841(a)(1)); and possessing a firearm in furtherance of a drug-trafficking offense (Count Two, in violation of 18 U.S.C. § 924(c)(1)). (See ECF Nos. 46 (minutes of proceeding), 48 (waiver of indictment form), 49 (information), 50 (written plea agreement).)

In the plea agreement, movant admitted that he had a prior felony drug-trafficking conviction that had become final, which fact was also alleged in an information filed under 21 U.S.C. § 851 at the time the plea agreement was filed. (See ECF No. 50 at 11; ECF No. 51 (information to establish prior conviction).) Movant also waived his right to appeal his conviction and sentence, and waived "any right he may have to bring a post-conviction attack on his conviction or his sentence." (ECF No. 50 at 6, ¶ VII.B.) As part of this waiver, movant "specifically agree[d] not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence, so long as he is sentenced in accordance with the plea agreement." (Id.)

On August 7, 2009, the court imposed on movant a prison sentence of 322 months - 262 months on Count One, and 60 months on Count Two, running consecutively. (See ECF No. 60 (judgment).) This was the low end of the range set out in the United States Sentencing Guidelines ("Guidelines"). (See ECF No. 78 at 3.) The career offender enhancement in the Guidelines applied because: movant was at least eighteen years old at the time he committed the offenses at issue in this case; at least one of the offenses of conviction was a felony that counted as a "controlled substance offense;" and movant had at least two prior felony convictions for felonies that counted as "controlled substance offenses," namely: (1) Possession of Cocaine Base for Sale, in violation of Cal. Health & Safety Code § 11351.5, in Sacramento County on November 1, 2001; and (2) Possession of Marijuana for Sale, in violation of Cal. Health & Safety Code § 11359, in Sacramento County on April 23, 2004. (See ECF No. 79-1.)

////

|   |   |
|---|---|
| 1 | Movant appealed.  On appeal, he challenged the voluntariness of his guilty plea and the |
| 2 | reasonableness of his sentence.  (See AOB (ECF No. 79-2).)  The Ninth Circuit rejected movant's |
| 3 | challenge to his plea and held that because he had waived the right to appeal, he could not |
| 4 | challenge his sentence on appeal.  United States v. Carter, 447 F. App'x 783, 784-85 (9th Cir. |
| 5 | 2011) ("Because [Carter] waived his right to appeal in the plea agreement, he may not appeal his |
| 6 | sentence." (Citing United States v. Portillo-Cano, 192 F.3d 1246, 1250 (9th Cir. 1999).). |
| 7 | The Ninth Circuit entered judgment on August 15, 2011, and issued its mandate on |
| 8 | September 6, 2011.  (ECF Nos. 68, 69.)  Movant did not seek a writ of certiorari, so his judgment |
| 9 | of conviction became final on or about November 14, 2011.  See Clay v. United States, 537 U.S. |
| 10 | 522, 524-25 (2003). |
| 11 | Movant filed the pending motion to vacate, set aside, or correct his sentence on June 8, |
| 12 | 2017.  (ECF No. 70.)  The government filed an opposition (ECF No. 78) and movant filed a reply |
| 13 | (ECF No. 83). |

**MOTION TO VACATE**

|   |   |
|---|---|
| 15 | In his first claim, movant argues that under Mathis v. United States, 136 S. Ct. 2243 |
| 16 | (2016), his two prior state court convictions no longer count as "controlled substance offenses" |
| 17 | under the Guidelines and therefore he does not meet the standard of a "career offender."  If |
| 18 | movant is not a career offender, the argument continues, then he should be re-sentenced without |
| 19 | the career offender enhancement.  In his second claim, movant contends that the Court's ruling in |
| 20 | Dean v. United States, 137 S. Ct. 1170 (2017), requires that his sentence be reduced on the |
| 21 | conviction for possession of a firearm.  (ECF No. 70.) |
| 22 | In response, the government contends:  (1) movant waived his right to bring this action in |
| 23 | his plea agreement; (2) movant's claims are barred by the statute of limitations; (3) movant's |
| 24 | claims are barred because they should have been raised on appeal; (4) and movant's claims |
| 25 | should fail on the merits.  Because this court finds below that movant's claims are barred by the |
| 26 | statute of limitations, the undersigned does not reach the government's remaining arguments or |
| 27 | the merits of movant's claims. |
| 28 | //// |

1     **I.**     **Standards for Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of their conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

**II.**     **Analysis**

    **A. Statute of Limitations**

As noted above, movant's conviction became final on November 14, 2011. Therefore, the one-year statute of limitations expired on November 13, 2012, well before movant filed his pending motion on June 8, 2017. Movant contends Mathis and Dean created new rights made retroactive on collateral review and therefore the statute of limitations for his first claim did not begin to accrue until June 23, 2016, when the Supreme Court issued Mathis, and, for his second claim, until April 3, 2017, when the Court issued Dean.

The government argues that movant is not entitled to reset the limitations period under § 2255(f)(3) because Mathis did not create a new right or rule and Dean has not been made retroactive by the Supreme Court.

////

////

**1. Legal Standards**

Section 2255 imposes a one-year statute of limitations for claims. 28 U.S.C. § 2255(f). The limitation period runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Thus, when a claim is based on a rule of law announced after a conviction has become final, the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court"- but only if that right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Further, the new rule or right is not retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive. Tyler v. Cain, 533 U.S. 656, 663 (2001).

**2. Is Movant's Claim based on Mathis[1] Timely?**

In Mathis, the Court held that a state court conviction cannot qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") if its elements are broader, i.e., cover more potential conduct, than those of a listed generic offense. 136 S. Ct. at 2251. Therefore, unless the

////

////

////

---

[1] Movant also relies upon two circuit court cases – United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) and Holt v. United States, 843 F.3d 720 (7th Cir. 2016) in claim 1. However, to fall within the parameters of § 2255(f)(3), movant must show a right newly recognized by the Supreme Court. Accordingly, the court considers only whether Mathis created that new right.

5

prior conviction is divisible,[2] the court must focus solely on whether the elements of the crime of conviction sufficiently match the elements of the generic offense. 136 S. Ct. at 2248, 2255.

Movant argues that the court's determination that his two prior state convictions were "controlled substance offenses" within the meaning of §4B1.2 of the Guidelines is incorrect after Mathis. That determination resulted in movant's sentence enhancement for being a career offender. He contends this claim is timely because the Court in Mathis created a new right, made retroactive on collateral review, under § 2255(f)(3). Movant stresses courts' holdings that Mathis is retroactive. See Holt v. United States, 843 F.3d 720, 721-22 (7th Cir. 2016). However, whether or not that is true, movant fails to meet the second standard of § 2255(f)(3), establishing that the right announced in Mathis is new.

The Court in Mathis specifically refuted any argument that its decision created a new right or rule. The Court noted that its holding was governed by Supreme Court decisions handed down "[f]or more than 25 years." Mathis, 136 S. Ct. at 2247, 2257. The Ninth Circuit has held, in the related context of second or successive motions, that Mathis did not establish a "new rule.[3]" Arazola-Galea v. United States, 876 F.3d 1257, 1259 (9th Cir. 2017) ("Mathis is a clarification of existing rules rather than a new rule itself."); see also In re Conzelmann, 872 F.3d 375, 376-77 (6th Cir. 2017); Washington v. United States, 868 F.3d 64, 66 (2nd Cir. 2017); In re Hernandez, 857 F.3d 1162, 1164 (11th Cir. 2017); In re Lott, 838 F.3d 522, 523 (5th Cir. 2016); Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016). In fact, the Seventh Circuit in Holt, upon which

---

[2] To be divisible, a state statute must contain "multiple, alternative elements of functionally separate crimes." United States v. Dixon, 805 F.3d 1193, 1198 (9th Cir. 2015) (quoting Rendon v. Holder, 764 F.3d 1077, 1085 (9th Cir. 2014)).

[3] Many circuit courts have held that the inquiry into whether a movant should be permitted to file a successive § 2255 motion based on a "new rule" under § 2255(h)(2) is equivalent to the inquiry into whether a movant's petition is timely based on a "right that has been newly recognized by the Supreme Court" under § 2255(f)(3). See Headbird v. United States, 813 F.3d 1092, 1095 (8th Cir. 2016); Butterworth v. United States, 775 F.3d 459, 464–65 (1st Cir. 2015); United States v. Mathur, 685 F.3d 396, 398–99 (4th Cir. 2012); Figuereo-Sanchez v. United States, 678 F.3d 1203, 1207 (11th Cir. 2012). Even if the terms are not interchangeable and, therefore, Arazola-Galea is not controlling, this court finds, as discussed in the text, that a number of other circuit courts have specifically held that Mathis did not create a new "right" for purposes of the statute of limitations in § 2255(f)(3).

movant relies, also held that the decision in Mathis is not "a new rule of constitutional law" under § 2255(h)(2). 843 F.3d at 722.

In addition, and on point in this case, many courts have held that Mathis did not create a "right newly recognized by the Supreme Court" under § 2255(f)(3). United States v. Acosta, 738 F. App'x 978 (10th Cir. 2018); Jones v. United States, No. 18-5629, 2018 WL 6718615, at *2 (6th Cir. Sept. 19, 2018); Boatwright v. Warden Fairton FCI, 742 F. App'x 701 (3rd Cir. 2018); Dimott v. United States, 881 F.3d 232, 237 (1st Cir.), cert. denied, 138 S. Ct. 2678 (2018); United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016). In fact, this court's research brought up no cases in which courts found a claim based on Mathis falls within the later accrual date of § 2255(f)(3). Accordingly, because movant does not meet the later accrual date of § 2255(f)(3) and nothing indicates he would qualify for a later accrual date under subsections (f)(2) or (f)(4), movant's first claim based on Mathis is untimely.

### 3. Is Movant's Claim based on Dean Timely?

In Dean, the Supreme Court held that a sentencing court is not prohibited from considering the impact of the mandatory minimum sentence required under 18 U.S.C. § 924(c) when determining the appropriate sentence for the predicate offense. 137 S. Ct. at 1176. Movant's second claim is not entirely clear. (See ECF No. 70 at 13-18.) In the heading to that claim, he indicates he is arguing that Count 2 of the indictment should be dismissed. However, in the body of his argument, and in his conclusion thereto, he contends that the Court's decision in Dean requires reconsideration, and reduction, of his sentence on Count 2. In any event, regardless of the precise argument in claim 2, this court's determination below is the same.

The government contends movant's claim based on Dean fails to meet the standard of § 2255(f)(3) because Dean has not been made retroactive on collateral review. Under Tyler, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." 533 U.S. at 663. Movant makes no showing that Dean has been declared retroactive by the Supreme Court. Courts considering the issue have so held. See In re Dockery, 869 F.3d 356 (5th Cir. 2017) (per curiam); see also Habeck v. United States, 741 F. App'x 953 (4th Cir. 2018) (citing Dockery); United States v. Mashore, No. 3:06CR229, 2018 WL 5116492, at *2

(E.D. Va. Oct. 19, 2018) (decision in Dean "fails to recognize a new right that applies retroactively to cases on collateral review.") (citing Dockery and collecting cases); United States v. Davenport, No. 1:00-cr-19, 2018 WL 3340572, at *4 (E.D. Tenn. July 6, 2018); Rich v. United States, No. RDB-08-438, 2018 WL 3219847, at *2 (D. Md. July 2, 2018) (collecting cases).

Section 2255(f)(3) is not applicable to movant's second claim because the United States Supreme Court did not explicitly make the decision in Dean retroactively applicable to cases on collateral review and subsequent circuit court decisions have clarified that Dean is not retroactive. Movant fails to show any other later accrual dates for the statute of limitations apply to his second claim. Accordingly, it is barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (ECF No. 70) be denied; and
1. The Clerk of the Court be directed to close the companion civil case No. 2:17-cv-01209 WBS DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

////

8

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 26, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/cart0468.2255 fr