UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAKARA THOMAS CARTER,<br><br>    Defendant. | No. 2:06-cr-468 WBS<br><br>AMENDED ORDER RE: MOTION FOR REDUCTION OF SENTENCE |

----oo0oo----

Defendant has filed a motion to reduce his sentence under Section 404 of the First Step Act of 2018.  (Docket No. 88.)  The court previously granted the motion in part, reducing defendant's total sentence on Count 1 and Count 2 from 322 months to 262 months, but declining to reduce defendant's sentence to his requested total length of 144 months.[1]  (Docket No. 93.)

---

[1]  Count 1 charged defendant with possession of five grams or more of a mixture and substance containing a form of cocaine base with intent to distribute.  Count 2 charged defendant with possession of a firearm in furtherance of a drug trafficking offense.  (Docket No. 49.)  The parties appear to agree that Count 2's mandatory minimum consecutive sentence of five years

1            Defendant appealed, and the Ninth Circuit vacated the
2   resentencing order and remanded with instructions to consider all
3   of defendant's nonfrivolous reasons for a reduction, including
4   intervening changes of law, pursuant to the Supreme Court's
5   decision in Concepcion v. United States, 142 S. Ct. 2389 (2022).
6   United States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting
7   that Concepcion abrogated United States v. Kelley, 962 F.3d 470,
8   475 (9th Cir. 2020), which had held that the First Step Act did
9   not authorize a district court to consider post-conviction legal
10  changes outside of Sections 2 and 3 of the Fair Sentencing Act).
11  Accordingly, the motion for a sentence reduction is once again
12  before the court.  The parties have filed supplemental briefs on
13  remand.  (Docket Nos. 109, 110, 111.)

14            The court now considers all of defendant's arguments in
15  support of a sentence reduction, including (1) the fact that
16  defendant would not be sentenced as a career offender if he were
17  sentenced today and would be subject to a statutory sentencing
18  range of 0 to 30 years and a Guidelines range of 144 to 165
19  months;[2] (2) defendant's obtaining of his GED and completion of a
20  drug education program and a large number of classes; (3)
21  defendant's work towards learning a trade; (4) defendant's
22  history of relatively minor infractions in prison; (5)

---

was unaffected by the First Step Act.  The court also reduced defendant's total term of supervised release from eight years to six years.

[2]   The court notes the dispute between the parties regarding whether defendant in fact would no longer qualify as a career offender if sentenced today, but assumes for the purposes of this motion that defendant would not qualify as a career offender.

2

defendant's detailed release plan for housing, work, and transportation; (5) the low recidivism rates for persons the same age as defendant; and (6) the Department of Justice's support of the pending EQUAL Act, which proposes to eliminate the sentencing disparity between crack cocaine and powder cocaine.  The court also notes that defendant has served 191 actual months of his sentence and 220 months when accounting for good time credit, according to defendant's calculations.

At the same time, the court cannot ignore defendant's serious criminal history, which includes a burglary conviction, prior drug convictions, shooting into the home of a witness for the purpose of intimidation, fleeing police twice, including in a situation where the police were almost hit by traffic, and throwing a loaded gun into a public street.  In light of this criminal history, the court finds that a substantial sentence, well in excess of the sentence requested by defendant, is required for the protection of the community.

The parties agree that defendant's revised Guidelines range is now 262 to 327 months, instead of the 322 to 387 months range he had at the time of sentencing.[3]  Notwithstanding the parties' agreement that a reduced sentence is appropriate, a sentencing reduction under the First Step Act is not mandatory. See First Step Act, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018).  ("Nothing in this section shall be construed

---

[3]  This Guidelines range is based on a new base offense level of 34 and a total offense level of 31.  The parties also agree that defendant's term of supervised release should be reduced from eight years to six years.

1 | to require a court to reduce any sentence pursuant to this
2 | section."). The court must still weigh all of the sentencing
3 | factors of 18 U.S.C. § 3553(a) along with the Sentencing
4 | Guidelines in determining whether to reduce a sentence, and if
5 | so, by how much.
6 |      Taking into account all of the factors weighing for and
7 | against a sentence reduction in this case, after considering the
8 | arguments of counsel, the court finds that a sentence reduction
9 | of sixty months is appropriate, resulting in a total sentence of
10 | 262 months, on the bottom end of defendant's revised Guidelines
11 | range. The court also finds that a reduction of defendant's
12 | total term of supervised release to six years is appropriate.
13 |      IT IS THEREFORE ORDERED that defendant's motion for
14 | reduction of sentence pursuant to the First Step Act (Docket No.
15 | 88) be, and the same hereby is, GRANTED IN PART. The court
16 | reduces defendant's sentence on Count 1 to 202 months and leaves
17 | undisturbed defendant's 60-month consecutive sentence on Count 2,
18 | for a total sentence of 262 months. The court also reduces
19 | defendant's term of supervised release on Count 1 from eight
20 | years to six years and leaves undisturbed defendant's five-year
21 | concurrent term of supervised release on Count 2, for an
22 | aggregate term of six years of supervised release.
23 | Dated:  November 1, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE