UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

SHAKARA THOMAS CARTER,

            Defendant.

No. 2:06-cr-468 WBS

ORDER

----oo0oo----

       Defendant has filed a motion requesting that his judgment be amended to state that his sentence in this case shall run concurrently to any state sentence "arising from the same arrest as the instant offense." (Docket No. 118.)  The court notes that defendant was originally sentenced to a total term of 322 months in 2009 but was resentenced under the First Step Act in 2022, receiving a total sentence of 262 months.[1]  Defendant

---

    [1]   Defendant's conviction was affirmed in 2011, and a subsequent motion under 28 U.S.C. § 2255 was denied in 2019.

1

1    did not appeal that new sentence and judgment.

2            While the court does have authority to impose a

3    concurrent sentence at the time of sentencing, defendant has not

4    identified, and the court is unaware of, any authority allowing

5    this court to modify defendant's sentence at this time, several

6    years after he was sentenced.[2]  Defendant argues that the court

7    should correct his sentence under Federal Rule of Criminal

8    Procedure 36, but this rule, which applies to "clerical errors"

9    or "error[s] in the record arising from oversight or omission,"

10   appears inapplicable.  A request to have a defendant's federal

11   sentence run concurrently to a state sentence is not a mere

12   clerical error or error arising from oversight or omission.[3]

13   Accordingly, defendant's motion (Docket No. 118) is DENIED.[4]

14           IT IS SO ORDERED.

15       Dated:  August 12, 2024

16   _____

     WILLIAM B. SHUBB

17   UNITED STATES DISTRICT JUDGE

18   _____

19       [2]    Although the undersigned was not the original
     sentencing judge, it does not appear that defendant made any
20   request that his federal sentence run concurrently to any state
     sentence when he was originally sentenced in 2009.  (See, e.g.,
21   Docket No. 67 (sentencing tr.).)  Defendant also did not make any
     such request when he moved for a sentence reduction under the
22   First Step Act.  (See, e.g., Docket Nos. 88, 109.)

23       [3]    To the extent defendant seeks a correction or reduction
     of his sentence under Federal Rule of Criminal Procedure 35, such
24   relief is untimely as it is well in excess of that rule's
     fourteen day deadline and also is only available for a sentence
25   "that resulted from arithmetical, technical, or other clear
     error."
26

27       [4]    Defendant also has a pending motion for compassionate
     release which has not yet been fully briefed.  (Docket No. 125.)
28   The court expresses no opinion as to that motion.

                                    2