UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>SHAKARA THOMAS CARTER,<br><br>             Defendant. | No. 2:06-cr-468 WBS<br><br><br>ORDER |

----oo0oo----

This court previously reduced defendant's sentence from 322 to 262 months under the First Step Act.  (Docket Nos. 108, 113.)   The court denied a subsequent motion by the defendant in which he requested that his judgment be amended to state that his sentence in this case run concurrently to any state sentence "arising from the same arrest as the instant offense."  (Docket Nos. 118, 127.)

He has now filed another pro se motion for a sentence reduction, in which he contends a sentence reduction is appropriate because (1) he would receive a shorter sentence if

1

1  sentenced today; (2) he suffered harsher conditions than the
2  court expected when he was sentenced in 2009, due to the COVID-19
3  pandemic; and (3) he has completed various educational programs
4  and has relatively good conduct during his incarceration.
5  (Docket No. 125.)[1]

6       The court recognizes that pursuant to the Supreme
7  Court's decision in Concepcion v. United States, 142 S. Ct. 2389
8  (2022), it must consider all of defendant's nonfrivolous reasons
9  for a reduction, including intervening changes of law. United
10 States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting that
11 Concepcion abrogated United States v. Kelley, 962 F.3d 470, 475
12 (9th Cir. 2020), which had held that the First Step Act did not
13 authorize a district court to consider post-conviction legal
14 changes outside of Sections 2 and 3 of the Fair Sentencing Act).
15 Accordingly, the court considers all of the arguments raised by
16 defendant in the instant motion.

17      However, the court already took into account
18 defendant's efforts at rehabilitation, good conduct, intervening
19 legal changes, and certain other factors when it considered his
20 motion for a reduction of sentence in 2022.  (Docket No. 113 at
21 2-3.)  At that time, the court explained that while some of those
22 factors weighed in favor of a sentence reduction, it would not
23 grant the entire reduction requested by defendant because it
24 could not "ignore defendant's serious criminal history, which

---

[1] Defendant also requests the appointment of counsel in connection with the instant motion.  The request is DENIED.  See, e.g., United States v. Bond, Case No. LA CR94-563 JAK, 2020 WL 4340257, at *1 (C.D. Cal. Feb. 25, 2020) (explaining there is no Sixth Amendment or statutory right to counsel for a motion under 18 U.S.C. § 3582(c) and requiring defendant to show good cause).

includes a burglary conviction, prior drug convictions, shooting into the home of a witness for the purpose of intimidation, fleeing police twice, including in a situation where the police were almost hit by traffic, and throwing a loaded gun into a public street." (Id. at 3.)

In the court's view, this criminal history continues to weigh against a further sentence reduction, notwithstanding defendant's continuing efforts at rehabilitation and his contention that similar defendants today are receiving shorter sentences.  The court also does not find that defendant's experience of being incarcerated during the COVID-19 pandemic, a situation experienced by numerous other federal inmates, warrants a sentence reduction at this time.

Overall, the court does not find that an additional sentence reduction, beyond the sixty-month reduction defendant already received in 2022, is appropriate.  Accordingly, defendant's instant motion to reduce sentence (Docket No. 125) is DENIED.

IT IS SO ORDERED.

Dated:  October 10, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE